UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY JAY THOMAS,<br><br>    Plaintiff,<br><br><br>  vs.<br><br>HECTOR SOTO, Detective, Supervisor at Sioux Falls Police Department, in his individual and official capacity; DETECTIVE NYBERG, Detective at Sioux Falls Police Department, in his or her individual and official capacity; DETECTIVE FLOGSTAD, Detective at Sioux Falls Police Department, in his or her individual and official capacity; UNKNOWN OFFICER, Detective at Sioux Falls Police Department; in his or her individual and official capacity; ROBIN HOUWMAN, Judge at Minnehaha County SD, in her individual and official capacity; UNKNOWN DOCTOR, Doctor at Avera Hospital, in his or her individual and official capacity,<br><br>    Defendants. | 4:22-CV-04113-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

   Plaintiff, Johnny Jay Thomas, an inmate at the Minnehaha County Jail at the time that this lawsuit was commenced, filed a pro se civil rights lawsuit under 28 U.S.C. § 1983. Docket 1. Thomas moves for leave to proceed in forma pauperis and has included a prisoner trust account report. Dockets 2, 3.

## I.   Motion for Leave to Proceed in Forma Pauperis

Thomas reports average monthly deposits of $23.10 and an average monthly balance of $5.01. Docket 3 at 1. Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Thomas's prisoner trust account, the court grants Thomas leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Thomas must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's

institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Thomas's institution. Thomas remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.    1915A Screening

### A.    Factual Background

The facts alleged in Thomas's complaint are: that defendants sexually assaulted him while gathering evidence. *See* Docket 1 at 6-7, 12-13. He claims that he was detained by defendants and transported to an Avera medical facility, where his pants were pulled down and his genitals were grabbed. *Id.* at 6. He claims that defendants forcefully used a catheter to collect his urine "under the premise of collecting evidence." *Id.* at 13. He also claims that defendants made humiliating comments about his genitals, that he had a burning sensation that lasted for weeks after the incident, and that he still has emotional trauma today. *Id.* at 6.

Thomas attaches an affidavit in support of a search warrant submitted by Detective Hector Soto to Judge Robin Houwman. *Id.* at 8-11. On September 23, 2010, Soto sought a search warrant to forcibly obtain Thomas's urine, as well as the urine of two other people, because they refused to provide urine samples for four hours while in custody. *Id.* at 9-11. Thomas and the two others were suspected of drug activity after drugs were found in their hotel room and after Thomas and one of the others admitted to smoking marijuana that day. *See id.* at 9-10. Thomas claims that the urine sample was unnecessary because defendants "had all the evidence they needed." *Id.* at 12.

Thomas alleges that he has had mental and emotional trauma as a result of this incident and that he has recently showed signs of PTSD. *Id.* at 6, 13. He alleges that he no longer trusts law enforcement and now fears them. *Id.* at 12. Thomas brings claims for violation of his Fourth Amendment and Fifth Amendment rights, and he also seeks to bring a claim under 18 U.S.C. § 242, a criminal civil rights statute. *Id.* at 6, 12-13. He seeks "suitable reprimand" and "criminal charges" for the defendants and requests mental health counseling. *Id.* at 14. He also seeks $5,000,000 in money damages. *Id.*

**B.    Legal Background**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must

contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant

who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess Thomas's complaint under 28 U.S.C. § 1915A.

C.    **Legal Analysis**

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint . . . when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (citations omitted). "[T]he [United States] Supreme Court has instructed courts to apply the most analogous statute of limitations to claims made under § 1983." *Bell v. Gross*, 2021 WL 2336936, at *2 (D.S.D. June 8, 2021) (citing *Wilson v. Garcia*, 471 U.S. 216, 266-68 (1985)). "In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred." *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (citing SDCL § 15-2-15.2).

Thomas alleges that the constitutional deprivation occurred on September 23, 2010. *See* Docket 1 at 9-11, 13. Thus, under SDCL § 15-2-15.2, Thomas needed to bring this action by September 23, 2013. South Dakota "ha[s] not officially adopted the equitable tolling doctrine for civil cases[.]" *In re Estate of French*, 956 N.W.2d 806, 811 (S.D. 2021) (citing *Anson v. Star Brite Inn Motel*, 788 N.W.2d 822, 825 n.2 (S.D. 2010)); *see also Bourassa v. United States*, 581 F. Supp. 3d 1188, 1198-1200 (D.S.D. 2022) (discussing the South Dakota equitable tolling standard as applied to a *Bivens* claim). "The threshold for consideration of equitable tolling is inequitable circumstances not caused

by the plaintiff that prevent the plaintiff from timely filing." *In re Estate of French*, 956 N.W.2d at 811-12 (quoting *Anson*, 788 N.W.2d at 826).

Here, Thomas makes no allegations of inequitable circumstances that prevented him from timely filing this lawsuit other than to state that he "didn't know [his] options till now." *See* Docket 1 at 6-7, 12-13. Other than this single statement, he only alleges that the incident in question violated his rights. *See id.* Thus, he makes no showing of inequitable circumstances, and his complaint is properly dismissed under *Myers. See* 960 F.2d at 751 (citations omitted); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). Thomas's complaint is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## III.    Strike Under 28 U.S.C. § 1915(g)

The court finds that Thomas's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because Thomas's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1.     That Thomas's motion for leave to proceed in forma pauperis
       (Docket 2) is granted.

2.     That Thomas's complaint (Docket 1) is dismissed with prejudice
       under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3.     That this action constitutes a strike against Thomas for purposes
       of the three-strikes rule under 28 U.S.C. § 1915(g).

4.     That judgment is entered in favor of Hector Soto, Detective Nyberg,
       Detective Flogstad, Unknown Officer, Robin Houwman, and
       Unknown Doctor and against Thomas.

Dated November 3, 2022.

                    BY THE COURT:

                    /s/ *Karen E. Schreier*
                    KAREN E. SCHREIER
                    UNITED STATES DISTRICT JUDGE