UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY JAY THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>HECTOR SOTO, Detective, Supervisor at Sioux Falls Police Department, in his individual and official capacity; DETECTIVE NYBERG, Detective at Sioux Falls Police Department, in his or her individual and official capacity; DETECTIVE FLOGSTAD, Detective at Sioux Falls Police Department, in his or her individual and official capacity; UNKNOWN OFFICER, Detective at Sioux Falls Police Department; in his or her individual and official capacity; ROBIN HOUWMAN, Judge at Minnehaha County SD, in her individual and official capacity; UNKNOWN DOCTOR, Doctor at Avera Hospital, in his or her individual and official capacity,<br><br>Defendants. | 4:22-CV-04113-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYMENT OF FEES |

Plaintiff, Johnny Jay Thomas, an inmate at the Yankton Community Work Center,[1] filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Judgment was entered against Thomas, and he filed a notice of appeal. Dockets 8, 9. Now, Thomas moves to appeal without prepayment of fees and has provided his prisoner trust account report. Dockets 10, 11.

---

[1] Thomas was an inmate at the Minnehaha County Jail when he first filed this lawsuit. Doc. 1 at 1. He has since been transferred to the Yankton Community Work Center. *See* Doc. 6 at 1.

Under the Prison Litigation Reform Act (the "Act"), a prisoner who "files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (omission in original) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit Court of Appeals set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the Act. *Id.* First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A)  the average monthly deposits to the prisoner's account; or
(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no

2

assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Thomas's appeal is taken in good faith. Because Thomas's prisoner trust account report (Docket 11) shows an average monthly deposit of $18.21 and an average monthly balance of *negative* $3.30, the court finds that § 1915(b)(1) applies and waives his initial partial filing fee.

Thus, it is ORDERED:

1. That Thomas's motion for leave to appeal without prepayment of fees (Docket 10) is granted.

2. That the institution having custody of Thomas is directed that whenever the amount in Thomas's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated December 6, 2022.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE